IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division



JUAN ALDANA, on his own behalf and
on behalf of those similarly situated,

    Plaintiff,

v.

EAGLE ATLANTIC FINANCIAL
SERVICES, INC.,

Serve: CT Corporation System, Registered Agent
       1108 E. South Union Avenue
       Midvale, UT 84047

    Defendant.

Civil Action No. 1:16-cv-00038
GBL/TCB

## COMPLAINT

COMES NOW the Plaintiff, JUAN ALDANA ("Plaintiff"), by counsel, and for his Complaint against the Defendant, he alleges as follows:

### PRELIMINARY STATEMENT

1. This is a consumer class action for statutory damages, costs and attorney's fees brought against the Defendant Eagle Atlantic Financial Services, Inc. for violating § 1692g of the Fair Debt Collection Practices Act ("FDCPA"). Plaintiff also brings an individual claim for violating § 1692e(11) and seeks actual damages, costs and attorneys' fees.

### JURISDICTION

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681(p).

### PARTIES

3. Plaintiff is a natural person residing in Virginia, and at all times relevant to the Complaint was a "consumer" as defined by 15 U.S.C. §1681a(c).

4. Upon information and belief, Eagle Atlantic Financial Services, Inc. ("Defendant") is a corporation organized under the laws of Utah and whose principal purpose is the collection of consumer debts. At all times relevant hereto, Defendant regularly collected or attempted to collect debts owed or asserted to be owed to another and, therefore, Defendant was a "debt collector" as governed by the FDCPA.

## FACTS

5. On or around October 7, 2015, Defendant mailed correspondence to Plaintiff in an attempt to collect a debt purportedly owed to CR England.

6. Plaintiff's debt arose from a loan for driving school training, *i.e.*, Plaintiff's debt was incurred primarily for personal, family or household purposes.

7. The October 7, 2015 correspondence was the initial communication from Defendant to Plaintiff.

8. Defendant's form letter violates the FDCPA because it omitted two disclosures required by the FDCPA.

9. First, Defendant's form letter omitted the mandatory disclosures set forth in § 1692g of the FDCPA, which enumerates five disclosures that must be provided by the debt collector in its initial communication with a consumer.

10. Upon information and belief, Defendant never provides the § 1692g disclosure to consumers as reflected by its form correspondence to Plaintiff.

11. Second, Defendant's form letter omitted the mandatory disclosure set forth in § 1692e(11) of the FDCPA, which requires a debt collector to disclose that the communication is from a debt collector.

12. As the Fourth Circuit held, the FDCPA "expressly prohibits this exact omission by requiring debt collectors to disclose their status in every communication with a consumer." *Warren v. Sessoms & Rogers, P.A.*, 676 F.3d 365, 374 (4th Cir. 2012).

### Defendant is a Debt Collector

13. Defendant is a corporation who regularly collected or attempted to collect debts owed or asserted to be owed to another.

14. Defendant regularly demands payment from consumers of claimed delinquencies for the sole purpose of collecting the underlying debt.

15. Upon information and belief, Defendant regularly uses the form correspondence in an attempt to collect debts from consumers.

16. Upon information and belief, Defendant regularly obtains compensation from lenders in connection with its debt collection practice and did so as to Plaintiff.

### COUNT ONE: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT
(Violation of 15 U.S.C. § 1692g)
(Class Claim)

17. Plaintiff repeats and re-alleges every allegation above as if set forth herein in full.

18. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this claim for himself and on behalf of a class initially defined as follows:

> All natural persons residing in the United States at the time that they received correspondence from the Defendant (i) in a form similar to the correspondence mailed to Plaintiff; (ii) in an attempt to collect a debt; (iii) that was incurred primarily for personal, household or family purposes; (iv) during the one year period prior to the filing of the Complaint in this matter.

19. **Numerosity.** Fed. R. Civ. P 23(a)(1). Upon information and belief, Plaintiff alleges that the class members are so numerous that joinder of all is impractical. The names and addresses of the class members are identifiable through the internal business records maintained

by Defendant and the class members may be notified of the pendency of this action by published and/or mailed notice.

20. **Predominance of Common Questions of Law and Fact.** FED. R. CIV. P. 23(a)(2). Common questions of law and fact exist as to all members of the putative class, and there are no factual or legal issues that differ between the putative class members. These questions predominate over the questions affecting only individual class members. The principal issues are: (1) whether Defendant is a debt collector; (2) whether Defendant systematically failed to provide the § 1692g disclosure; and (3) what is the appropriate amount of damages?

21. **Typicality.** FED. R. CIV. P. 23(a)(3) Plaintiff's claim are typical of the claims of each putative class member. In addition, Plaintiff is entitled to relief under the same causes of action as the other members of the putative class. All are based on the same facts and legal theories.

22. **Adequacy of Representation.** FED. R. CIV. P. 23(a)(4) Plaintiff is an adequate representative of the putative class, because his interests coincide with, and are not antagonistic to, the interests of the members of the Class he seeks to represent; he has retained counsel competent and experienced in such litigation; and he has and intends to continue to prosecute the action vigorously. Plaintiff and his counsel will fairly and adequately protect the interests of the members of the Class. Neither Plaintiff nor his counsel have any interests which might cause him not to vigorously pursue this action.

23. **Superiority.** FED. R. CIV. P. 23(b)(3) Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The damages sought by each member are such that individual prosecution would prove burdensome and expensive. It would be virtually impossible for members of the Class individually to

effectively redress the wrongs done to them. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the Courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the legal and factual issues raised by Green Tree's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a case.

24. Defendant violated the FDCPA by uniformly failing to provide the § 1692g disclosure to consumers when attempting to collect debts. If class certification is denied, Plaintiff will seek his actual damages as a result of the violation.

25. Plaintiff and the putative class members are therefore entitled to statutory damages, as well as their reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

### TWO: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT
### (Violation of 15 U.S.C. § 1692e(11))
### (Individual Claim)

26. Plaintiff repeats and re-alleges every allegation above as if set forth herein in full.

27. Defendant violated § 1692e(11) by omitting the § 1692e(11) disclosure from its form correspondence.

28. As a result of this omission Plaintiff has suffered actual damages.

29. Plaintiff therefore entitled to actual and statutory damages, as well as his reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

WHEREFORE, Plaintiff moves for class certification and for judgment against the Defendant as alleged for statutory damages and actual damages as alleged, and for attorney's fees and costs, and such other specific or general relief the Court does find just and appropriate.

**TRIAL BY JURY IS DEMANDED**.

Respectfully submitted,
**JUAN ALDANA**

By: _____
Of Counsel

Kristi Cahoon Kelly, VSB#72791
Andrew J. Guzzo, VSB #82170
KELLY & CRANDALL, PLC
4084 University Drive, Suite 202A
Fairfax, Virginia 22030
(703) 424-7576 Telephone
(703) 591-9285 - Facsimile
E-mail: kkelly@kellyandcrandall.com
E-mail: aguzzo@kellyandcrandall.com

*Counsel for Plaintiff*